**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

_____

**SHAWN H. HUMES**                                                                          **PLAINTIFF**


**VS.**                          **AP NO:_____**


**LVNV FUNDING L.L.C.; and**                                                     **DEFENDANTS**
**HOSTO, BUCHAN, PRATER & LAWRENCE, P.L.L.C.**

_____

## COMPLAINT

### INTRODUCTION

1.      This is an action for damages brought by an individual consumer, Shawn H.

Humes (hereinafter referred to as "Plaintiff" or "Mr. Humes"), for Defendants' violations of

the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. (hereinafter "FDCPA"), the

Arkansas Fair Debt Collections Practices Act, ACA § 17-24-501, *et seq.* (hereinafter "AR-

FDCPA"); the Arkansas Deceptive Trade Practices Act, ACA § 4-88-101, *et seq.* (hereinafter

the "ADPTA"); and for the state law claims of breach of contract and fraud.  Plaintiff seeks

an award of actual, statutory and punitive damages and costs and attorney's fees.

### JURISDICTION AND VENUE

2.       Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C.

§1331.

3.      This court has supplemental jurisdiction to hear the state law claims pursuant

to 28 U.S.C. §1367.  This Court has both personal and subject matter jurisdiction to hear

this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(c) of

Title 28 of the United States Code.  This Court has supplemental jurisdiction over the FDCPA

and state law claims of the Plaintiff under this Court's power to hear claims "related to" Title

1

11 if such claims could have any effect on the debtor or on the administration of the estate. *See GAF Holdings, LLC v. Rinaldi (In re Farmland Indus.)*, 567 F.3d 1010 (8th Cir. 2009).

 4.  Venue is proper in this District pursuant to 28 U.S.C. §1391 (b) and (c) and 15 U.S.C. §1692k.  Plaintiff resides in this district, and defendant transacts business here.

 5.  As this is primarily a non-core proceeding, Plaintiff consents to the entry of a final order of this Court.

<b><u>PARTIES</u></b>

 6.   Plaintiff, Shawn H. Humes, is a natural person residing in Lawrence County, Arkansas.

 7.  Separate Defendant, Hosto, Buchan, Prater, & Lawrence P.L.L.C. (hereinafter "Hosto") is a law firm and limited liability company with a principal place of business at 701 West 7th St., Little Rock, AR.  72202.

 8.  Hosto is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692(a)(6) because it uses an instrumentality of interstate commerce or the mails and/or the telephone the principal purpose of which is the collection of debts, or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

 9.  Defendant, LVNV Funding, L.L.C. (hereinafter "LVNV"), is a foreign limited liability company.  Upon information and belief, LVNV is not registered with the Arkansas Secretary of State but maintains a principal office at 625 Pilot Road, Suite 3, Las Vegas, NV 89119.  Moreover, a manager of LVNV, Kevin Branigan, maintains an office at 200 Meeting St., STE 206 Charleston, SC 29401.  Defendant will be served at these two aforementioned addresses and at the address of their registered agent for service in the Commonwealth of Massachusetts.

 10.  LVNV is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692(a)(6) because it uses an instrumentality of interstate commerce or the mails and/or the telephone the principal purpose of which is the collection of debts, or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.  At

2

all times material hereto, Plaintiff, was a "consumer" as this term is defined under 15 U.S.C. §1692(a)(3).

11.     At all times material hereto, CitiBank was a "creditor" as this term is defined under 15 U.S.C. § 1692a(4).

12.     At all times material hereto, the debt incurred by Plaintiff to Citibank was a "debt" as this term is defined under 15 U.S.C. § 1692a(5).

## FACTUAL ALLEGATIONS

13.     On or about September 12, 2008, Hosto filed, on behalf of LVNV, a complaint in the District Court of Lawrence County, Arkansas, seeking payment of the above described debt in the amount of $2,576.37.  Service of this complaint was made on or about Thursday, September 29, 2008, by personal service on Shawn H. Humes.

14.     Attached to the complaint and summons served upon Plaintiff was an orange piece of paper bearing Hosto letterhead, with the following message:

PLEASE NOTE:

You have been sued.  If you would like to arrange to pay the debt, please call our law firm at 800-892-1460.  *This may avoid the necessity of you appearing in Court or filing an Answer.* When calling, please reference our file number, which is found on the top of Court papers.

Thank you for your cooperation.

This is an attempt to collect a consumer debt and any information obtained will be used for that purpose.  This communication is from a debt collector. (Emphasis added)

(See Plaintiff's Exhibit "**A**" attached hereto and incorporated herein by this reference).

15.     Upon receipt of the Summons and Complaint from Hosto and in order to avoid the necessity of "appearing in Court or filing an Answer," Plaintiff called the number on the orange sheet of paper.

3

16.    In a telephone conversation with an employee of Hosto, Plaintiff inquired as to the disposition of the complaint that had been filed against him if he were to agree to monthly payments.

17.    Plaintiff was advised that if he made payment arrangements and began making his payments then the complaint would "go away."

18.    In lieu of filing an answer to the complaint and exercising his right to defend the Defendant's complaint in a Court of law as advised by the orange piece of paper, Plaintiff verbally agreed to pay the amount of $60.00 per month until the alleged debt to LVNV was paid in full.

19.    In reliance on the above described agreement, Plaintiff began making monthly payments of $60 to Hosto.

20.    Sometime at the end of summer or early fall of 2009, Plaintiff's business suffered financial hardship such that the Plaintiff could not continue to make the $60.00 monthly payments to Defendants.

21.    With no notice to the Plaintiff and over a year and four months[1] after filing the complaint, a Default Judgment was filed in the District Court of Lawrence County, Arkansas, at the request of LVNV through Hosto on January 20, 2009. (See Plaintiff's Exhibit "**B**" attached hereto and incorporated herein by this reference).

22.    The Default Judgment, prepared and submitted to the Court by Hosto, set the amount of the debt at the exact same amount claimed on their original complaint - $2,576.37 plus a request for attorney's fees in the amount of $386.46.

23.    The amount of the debt as submitted with the Default Judgment does not account for any of the monthly payments made by the Plaintiffs as discussed above.

24.    On March 12, 2010, Hosto, on behalf of LVNV, filed Allegations and Interrogatories and a Writ of Garnishment in Lawrence County and served the same on

_____

[1] 495 days to be exact.

4

Iberia Bank. (See Plaintiff's Exhibit "**C**" attached hereto and incorporated herein by this reference).

25.     Acting upon the writ of garnishment, Iberia Bank froze the Plaintiff's checking account.

26.     Upon learning that their account had been frozen, Plaintiff and his wife sought the protection of the United States Bankruptcy Code and filed a petition under Title 11 of Chapter 13 on March 26, 2010.

27.     On that same day, by email, Plaintiff's bankruptcy attorney's paralegal notified an Andrea at Hosto with the bankruptcy filing information.

28.     An Order releasing the garnishment was entered on April 5, 2010, ten (10) days later.

29.     This lawsuit presently pending before this Court was filed within one year of the writ of garnishment filed in the state collection.

30.     As stated above, and without limitation, the Plaintiff has been damaged by the inclusion of a judgment on his credit report, by incurring attorney's fees and costs in prosecution of this action, by suffering the anxiety and fear associated with the inability to gain access to funds needed to support his family, and the suffering the immeasurable loss of his right to defend that action brought against him, among other things known and unknown.

31.     Plaintiff has incurred attorney's fees and costs in his attempt to protect himself from the unlawful debt collection practices of the Defendants.

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT,
### 15 U.S.C. § 1692, et seq.
### BY DEFENDANTS

32.     Plaintiff repeats and re-alleges and incorporates by reference the paragraphs above.

33.     Upon information and belief, The Defendants have violated the 15

5

USC § 1692 *et seq*.  Defendant's violations include, but are not limited to, the following:

a.      violating 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt by baiting the Plaintiff into unknowingly waiving his right to a trial by scheduling payments and then requesting a default judgment, with no prior notice, after the Plaintiff's time to answer had run;

b.      violating Title 15 U.S.C. § 1692d by engaging in conduct, that natural consequences of which, is to harass, oppress or abuse any person in connection with the collection of a debt.  By way of example, but without limitation, Defendants abused[2] the Plaintiff by advising him that by entering into a payment plan would allow him to avoid filing an answer, his legal right, and thereafter taking unreasonable and unlawful advantage of his ignorance of the law by obtaining a default judgment, without prior notice of any kind, well after his right to answer had run;

c.      violating 15 U.S.C. § 1692e and e(10) by using *false, deceptive, or misleading* representations or means in connection with the collection of any debt.  By way of example, but without limitation, the language contained on the orange piece of paper, specifically states that arranging to pay the debt may avoid the necessity of appearing in Court or filing an Answer.  When the Plaintiff asked what would happen to the law suit if he entered into the payment plan, he was advised that "it would go away."  In fact, it did not go away, when the Plaintiff experienced a decrease in income, Defendants took advantage of the circumstances they specifically created, a law suit with a defendant that had no right to answer;

d.      violating 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount or legal status of the debt by requesting, by way of submitting a pre-drafted proposed Order that stated the exact same amount of the debt as was prayed for in their

———————————————————

[2] Abuse: 2. To depart from legal or reasonable use in dealing with (a person or thing); to misuse. Black's Law Dictionary, 2010 West, a Thomas business, Bryan A, Garner, Editor in Chief

complaint, filed almost a year and a half, and by not accounting for the payments made by Plaintiff under the payment plan; and

e.        violating 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect the debt.  Generally, Defendants actions as described in this complaint and delineated in sections a through d of this paragraph constitutes unfair and unconscionable means to collect a debt.

34.        It should be noted that the law is well settled, the standard that should be employed when determining whether a debt collector has acted falsely, deceptively or misleadingly is from the perspective of the "least sophisticated consumer." *Morse v. Dun & Bradstreet, Inc.*, 87 F. Supp. 2d 901, 903 (D. Minn. 2000).  Such a standard "effectively serves [a] dual purpose: it (1) ensures the protection of all consumers, even the naive and the trusting, against deceptive debt collection practices, and (2) protects debt collectors against liability for bizarre or idiosyncratic interpretation of collection notices." *Id*. (Quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir. 1993).

35.        Finally, and to preserve any future arguments or defenses the Plaintiff may assert, pursuant to 15 USC § 1692g(c), Plaintiff's decision to enter into a payment plan and not to dispute the debt cannot be construed as an admission of liability on the debt by the consumer.

36.        In consideration of the foregoing and as a result of the above violations of the FDCPA, both Defendants are jointly and severable liable to the Plaintiff violations of the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees pursuant to 15 USC § 1692k.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE ARKANSAS FAIR DEBT COLLECTIONS PRACTICES ACT , ACA § 17-24-501 *et seq.*
## BY DEFENDANTS

37.        Plaintiff repeats and re-alleges and incorporates by reference the paragraphs above.

7

38.     Upon information and belief, The Defendants have violated the Arkansas Fair Debt Collections Practices Act (hereinafter referred to as "AR-FDCPA") codified at ACA § 17-24-501 *et seq.*  Defendant's violations include, but are not limited to, the following:

a.     violating ACA § 17-24-506(a) by using false, deceptive, or misleading representations or means in connection with the collection of a debt by baiting the Plaintiff into unknowingly waiving his right to a trial by scheduling payments and then requesting a default judgment, with no prior notice, after the Plaintiff's time to answer had run;

b.     violating ACA § 17-24-505(a) by engaging in conduct, that natural consequences of which, is to harass, oppress or abuse any person in connection with the collection of a debt.  By way of example, but without limitation, Defendants abused[3] the Plaintiff by advising him that by entering into a payment plan would allow him to avoid filing an answer, his legal right, and thereafter taking unreasonable and unlawful advantage of his ignorance of the law by obtaining a default judgment, without prior notice of any kind, well after his right to answer had run;

c.     violating ACA § 17-24-506(a) and (a)(10) by using *false, deceptive, or misleading* representations or means in connection with the collection of any debt.  By way of example, but without limitation, the language contained on the orange piece of paper, specifically states that arranging to pay the debt may avoid the necessity of appearing in Court or filing an Answer.  When the Plaintiff asked what would happen to the law suit if he entered into the payment plan, he was advised that "it would go away."  In fact, it did not go away, when the Plaintiff experienced a decrease in income, Defendants took advantage of the circumstances they specifically created - a lawsuit with a defendant that had no right to answer;

--------------------------------

[3] Abuse: 2. To depart from legal or reasonable use in dealing with (a person or thing); to misuse. Black's Law Dictionary, 2010 West, a Thomas business, Bryan A, Garner, Editor in Chief

d.      violating ACA § 17-24-506(b)(2)(A) by falsely representing the character, amount or legal status of the debt by requesting, by way of submitting a pre-drafted proposed Order that stated the exact same amount of the debt as was prayed for in their complaint, filed almost a year and a half, and by not accounting for the payments made by Plaintiff under the payment plan; and

e.      violating ACA § 17-24-507(a) by using unfair or unconscionable means to collect or attempt to collect the debt.  Generally, Defendants actions as described in this complaint and delineated in sections a through d of this paragraph constitutes unfair and unconscionable means to collect a debt.

39.     It should be noted that the law is well settled, the standard that should be employed when determining whether a debt collector has acted falsely, deceptively or misleadingly is from the perspective of the "least sophisticated consumer." *Morse v. Dun & Bradstreet, Inc.*, 87 F. Supp. 2d 901, 903 (D. Minn. 2000).  Such a standard "effectively serves [a] dual purpose: it (1) ensures the protection of all consumers, even the naive and the trusting, against deceptive debt collection practices, and (2) protects debt collectors against liability for bizarre or idiosyncratic interpretation of collection notices." *Id.* (Quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir. 1993).

40.     Finally, and to preserve any future arguments or defenses the Plaintiff may be able to assert, pursuant to ACA § 17-24-508(c), Plaintiff's decision to enter into a payment plan and not to dispute the debt cannot be construed as an admission of liability on the debt by the consumer.

41.     In consideration of the foregoing and as a result of the above violations of the AR-FDCPA, both Defendants are jointly and severally liable to the Plaintiff for violations of the AR-FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees pursuant to ACA § 17-24-512.

9

42.    As a result of the above violations of the AR-FDCPA, Defendants are jointly and severally liable to the plaintiff for statutory damages, actual damages, and costs and attorney's fees pursuant to ACA § 17-24-512.

**THIRD CAUSE OF ACTION**
**VIOLATION OF THE ARKANSAS DECEPTIVE TRADE PRACTICES ACT**
**BY LVNV**

43.    Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

44.    Upon information and belief, Separate Defendant LVNV has violated the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. §§4-88-101, et seq (hereinafter referred to as the "ADTPA").

45.    Engaging in any other unconscionable, false, or deceptive act or practice in business, commerce, or trade pursuant to Ark Code. Ann. §4-88-107(10)

46.    The actions and knowledge of LVNV's agent, Hosto, are imputed to it. **(Need Citation)** Therefore, the actions of Hosto as described in this complaint constitute unconscionable, false and deceptive acts.

47.    As a result of the above violations of the state Act, the Defendant is liable to the Plaintiff for injunctive and declaratory relief and for actual damages and reasonable attorney's fees.

**FOURTH CAUSE OF ACTION**
**BREACH OF CONTRACT**
**BY LVNV**

48.    Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

49.    As alleged above, Plaintiff affirmatively states that Hosto is a debt collector and is the agent of LVNV.

50.    As alleged above, Plaintiff affirmatively states that LVNV is a debt collector who was not the original creditor to whom Plaintiff owed a debt.

51.     As alleged above, Plaintiff affirmatively states that CitiBank was the original creditor to whom the Plaintiff owed a debt.

52.     Plaintiff affirmatively states that when Hosto, as agent for LVNV, attached the orange paper, and writing, to the complaint that read in part, "If you would like to arrange to pay the debt, please call our law firm at 800-892-1460.  This may avoid the necessity of you appearing in Court or filing an Answer," that an offer of a new contract was made.

53.     Plaintiff affirmatively states that when he contacted Hosto and arranged to make a set, monthly payment of $60.00, an amount different from the original contractual monthly payment, that he was, in effect, recognizing that LVNV was who he now owed a debt.  In other words, by agreeing to new payment terms with Hosto as agent for LVNV, Plaintiff was effectively waiving any defense that he did not owe a debt to LVNV.

54.     Plaintiff affirmatively states that when he contacted Hosto and was advised that if he entered into the new payment agreement the law suit would "go away" such promise constituted new consideration and a new, binding contract was created.

55.     Based on the foregoing, pursuant to Arkansas case law, the new agreement reached between LVNV and Plaintiff constituted a novation of the original contract between CitiBank and Plaintiff.

56.     "Novation is the substitution by mutual agreement of one debtor, *or of one creditor, for another*, whereby the old debt is extinguished, or *the substitution of a* new debt or *obligation for an existing one*, which is thereby extinguished."  (Emphasis added). (*Barton v. Perryman*, 265 Ark. 228, 231, 577 S.W.2d 596, 599 (Ark. 1979).

57.     Based on the holding in *Barton,* all of the elements for a novation of the original contract are present in the transaction described herein.

58.     Moreover, even if it was not the express intent on the part of LVNV to enter into a novation of the original contract, the *Barton* Court further found that, "intention need not be expressly declared, but may be found upon examining the surrounding circumstances." *Id.*

**11**

59.     Clearly, LVNV intended to enter onto a new payment arrangement with the Plaintiff substituting itself as the recognized owner of the debt in question.

60.     Upon the agreement of the parties to the new payment terms and LVNV's acceptance of the payments through its agent, the new contract became effective and the old contract between Citibank and Plaintiff was extinguished.

61.     As such, when Plaintiff failed to make payments under the new agreement, LVNV sought a default judgment based on the complaint that asserted the now extinguished debt.

62.     By taking such action, LVNV breached the new contract by reasserting the old agreement as the basis for the default judgment.

63.     As such, Plaintiff is entitled to his actual damages, consequential damages, and reasonable attorney's and costs pursuant to ACA § 16-22-308.

### FIFTH CAUSE OF ACTION
### FRAUD
### BY DEFENDANTS

64.     Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

65.     Plaintiff affirmatively states that Defendants, by offering that the state court law suit would "go away" if the Plaintiff entered into a new payment arrangement fraudulently induced Plaintiff into entering into such agreement without in the intent of making the case "go away."

66.     According to the Arkansas Supreme Court, the elements of fraud that must be proved by a preponderance of the evidence are as follows:

(1) a false representation of a material fact;

(2) knowledge that the representation is false or that there is insufficient evidence upon which to make the representation;

(3) intent to induce action or inaction in reliance upon the representation;

(4) justifiable reliance on the representation; and

(5) damage suffered as a result of the reliance.

See *Tyson Foods, Inc. v Davis*, 347 Ark. 566, 580, 66 S.W.3d 568, 577 (2002).

67.    Indeed, the fact that Defendants sought a default judgment, without prior notice over a year after the Plaintiff's time to answer ran, after they made a false representation to the Plaintiff, occasioned by their offer of negotiation on the orange piece of paper, that by entering into a new payment agreement, upon which the Plaintiff justifiably relied, they would make the state court law suit "go away" is direct evidence that the Defendants had no intent to follow through with their promise. Thus, all of the elements of fraud are met.

68.    As state above, and without limitation, the Plaintiff has been damaged by the inclusion of a judgment on his credit report, by incurring attorney's fees and costs in prosecution of this action, by suffering the anxiety and fear associated with the inability to gain access to funds needed to support his family, and the suffering the immeasurable loss of his right to defend that action brought against him.

69.    Moreover, Plaintiff affirmatively states that Defendants' request for a default judgment from the state court after it extinguished the old contract by novation and their claim of the original amount of the debt without accounting for the payments made under the novation constitutes fraud on the court.

70.    Based on the foregoing, Plaintiffs are entitled to actual and punitive damages and as well as costs of this action.

71.    Plaintiff requests and consents to a jury trial pursuant to 28 USC § 157(e), Federal Rule of Bankruptcy Procedure 9015, and Federal Rule of Civil Procedure Rule 38.

72.    Plaintiff reserves the right to amend this pleading if other facts or claims come to light through discovery.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants, jointly and severally, for the following:

A.      Declaratory judgment that defendants' conduct violated the FDCPA, and

declaratory and injunctive relief for the defendants' violations of the AR-FDCPA.

B.      Actual damages pursuant to both federal and state law claims.

C.      Statutory damages pursuant to 15 U.S.C. §1692(k) and ACA § 17-24-512.

D.      Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692(k) and Ark

Code Ann. §4-88-113(f).

E.      Actual and punitive damages and attorney's fees based on the Defendants

fraudulent acts.

F.      For such other and further relief as may be just and proper.

Dated this 28th day of January, 2011.

Respectfully submitted,
Shawn Humes,
Plaintiff

By:   /s/ Joel G. Hargis
      Joel G. Hargis
      Arkansas Bar #2004-007
      Crawley, DeLoache & Hargis, PLLC
      533 West Washington
      Jonesboro, AR  72401
      (870) 972-1127 (PH)
      (870) 972-1787 (FX)
      joel@crawleydeloache.com


By:   /s/ Kathy a. Cruz
      Kathy A. Cruz
      Arkansas Bar #87079
      The Cruz law Firm
      1325 Central Ave.
      Hot Springs, AR 71901
      (501) 624-3600 (PH)
      (501) 624-1150 (FX)
      kathycruzlaw@gmail.com

14

# PLAINTIFF'S EXHIBIT "A"

HOSTO, BUCHAN, PRATER, & LAWRENCE, P.L.L.C.
ATTORNEYS AT LAW
Main Office:
P.O. Box 3397
Little Rock, Arkansas 72203-3397

Texas Office
8117 Preston Rd., Ste 300 West
Dallas, Texas 75225

Tennessee Office
4525 Harding Rd., Ste 218
Nashville, TN 37205

Bryan E. Hosto +◇
Charles J. Buchan +□
Mark A. Sexton+*
Paul A. Prater +
Joel D. Boyd +
Arnold N. Goodman +
Esther A. Grossman □
Melvin Thathiah □

Jennifer P. Sanders +□
Richard   awrence +★
Suzann    pton +
Juli A. Th   as □
R. Dallas Elms, Jr.+
Charles Soffar □

+Licensed in Arkansas
*Licensed in Tennessee
□Licensed in Texas
★Licensed in Missouri

# PLEASE NOTE:

You have been sued. If you would like to arrange to pay the debt, please call our law firm at 800-892-1460. This may avoid the necessity of you appearing in Court or filing an Answer. When calling, please reference our file number, which is found on the top of Court papers.

Thank you for your cooperation.

This is an attempt to collect a consumer debt and any information obtained will be used for that purpose. This communication is from a debt collector.

# PLAINTIFF'S EXHIBIT "B"

03/26/2010 10:30 8708867716 ADHHS LAWRENCE CO PAGE 06

*SH051680

IN THE DISTRICT COURT OF LAWRENCE COUNTY, ARKANSAS
WALNUT RIDGE DISTRICT COURT

**FILED**

LVNV Funding LLC                                                          **PLAINTIFF**

vs.                    CASE/DIV NO.: CIV-08-215          JAN 2 0 2009

SHAWN H HUMES                                        Lawrence County District Court **DEFENDANT(S)**

<u>DEFAULT JUDGMENT</u>          _Debra Downing_
                                    District Court Clerk

On motion of the Plaintiff by and through its attorneys, Hosto, Buchan, Prater & Lawrence, P.L.L.C. and from consideration of the verified complaint, the return of the summons and other matters properly before it the Court finds:

1. It has jurisdiction of the parties and of the subject matter herein. Although served with summons within the time and in the manner provided by law, the Defendant(s) wholly made default herein. Plaintiff is entitled to Judgment against Defendant(s), on its complaint herein.

2. It is therefore by the Court ORDERED that Plaintiff have and recover Judgment from SHAWN H HUMES , in the amount of $2,576.37;Court and Service fees in the amount of, $.00, pre-judgment interest in the amount of $.00, accruing until the date of judgment at the contract rate of interest which is 0% per annum, and attorney's fees in the amount of $386.46, all of which shall bear post judgment interest at the rate of six (6) percent per annum.

3. It is further ordered that the Defendant(s) shall, within forty five (45) days of the entry of this judgment file with the Clerk of this Court a schedule, verified by affidavit, of all of his or her property, both real and personal, including monies, bank accounts, rights, credits, and choses in action held by himself or others for him and specify the particular property which he or she claims as exempt under the provisions of the law. Failure to file said schedule within the time specified above may result in the Defendant(s) being found in contempt of Court.

_____
Judge
_1-20-09_
_____
Date


JOEL D. BOYD, ABN 90019
HOSTO & BUCHAN, P.L.L.C.
ATTORNEYS AT LAW
P.O. BOX 3397
LITTLE ROCK, ARKANSAS 72203
(501) 374-1300

All inquiries regarding release of judgment and any lien arising from same should be directed to
Plaintiff's attorney at the above address.

 

# PLAINTIFF'S EXHIBIT "C"

03/26/2010  10:30  8708867716  ADHHS LAWRENCE CO  PAGE  03

*SH051680

IN THE DISTRICT COURT OF LAWRENCE COUNTY, ARKANSAS
WALNUT RIDGE DIVISION

LVNV FUNDING LLC                                                          PLAINTIFF

vs.,                          CASE/DIV NO.: CIV-08-215

                                                                         DEFENDANT(S)
SHAWN H HUMES

                                                                         GARNISHEE
IBERIA BANK

MAR 12 2010
Lawrence County District Court
Debra _____
District Court Clerk

## ALLEGATIONS AND INTERROGATORIES

Comes Plaintiff and states:

1.     That Plaintiff was awarded Judgment against Defendant(s) on January 20, 2009 in the amount of  plus post judgment interest.

2.     That the Judgment is outstanding and in full force and effect with a balance owing of $2,532.42 (this includes accrued interest and court cost as of February 25, 2010).

3.     That Plaintiff believes that the above named garnishee is indebted to Defendant(s) in that amount and would therefore propound the following Interrogatories to said Garnishee.

### INTERROGATORIES

Comes now Plaintiff and propounds the following interrogatories and requests for production upon the garnishee pursuant to the Arkansas Rules of Civil Procedure:

1.     Did you have on the date you were served this Writ of Garnishment or will you have by the return date of this Writ any monies, rights or credits belonging to the Defendant(s) ? If so, please state the amount.

RESPONSE: _____

2.     Have you in your possession on or after service of this Writ upon you, any goods, chattels, monies, credits or effects belonging to the said Defendant(s)? If so, please state the nature and value thereof?

RESPONSE: _____

3.     Pursuant to A.R.C.P. 69, please state the last known address, telephone number, and place of employment for Defendant(s). Also please provide the social security number and full legal name of Defendant(s).

RESPONSE: _____

4.     Pursuant to A.R.C.P. 69, *if Defendant(s) is/are no longer employed by you, please provide the front and back of the last six payroll checks paid to Defendant(s).*

RESPONSE: _____

RESPECTFULLY SUBMITTED,

**HOSTO, BUCHAN, PRATER & LAWRENCE, P.L.L.C.**
ATTORNEYS AT LAW
P.O., BOX 3397
LITTLE ROCK, ARKANSAS 72203
TELEPHONE (501) 374-1300

SUZANNE TIPTON, ABN 2005131




03/26/2010  10:30  8708867716  ADHHS LAWRENCE CO  PAGE  01

*SH051680

IN THE DISTRICT COURT OF LAWRENCE COUNTY, ARKANSAS
WALNUT RIDGE DIVISION

LVNV FUNDING LLC

vs..

SHAWN H HUMES

IBERIA BANK

CASE/DIV NO.: CIV-08-215

PLAINTIFF

DEFENDANT(S)

GARNISHEE

**FILED**

MAR 1 2 2010

Lawrence County District Court
District Court Clerk

### WRIT OF GARNISHMENT

TO THE ABOVE NAME GARNISHEE:

1.       A Judgment has been obtained in our Court against Defendant(s) for $2,962.83, together with interest and other legal costs accrued, and this Judgment remains unsatisfied. The Plaintiff alleges that he has reason to believe that the Garnishee is indebted to Defendant(s).

2.       The Garnishee is directed to prepare a written answer, UNDER OATH, and to file this answer in the Clerk's Office. The answer should contain a statement of what goods, chattels, monies, credits or effects the Garnishee may have in his possession belonging to the Defendant(s) to satisfy the Judgment. **UNLESS GARNISHEE FILES SUCH WRITTEN ANSWER WITHIN TWENTY (20) DAYS OF RECEIPT OF THIS WRIT, JUDGMENT MAY BE RENDERED AGAINST GARNISHEE.**

3.       In addition, Garnishee is required to answer any further interrogatories that may be propounded to him.

4.       There are Federal restrictions on the amount that the Garnishee may withhold from an employee's pay. Please consult WAGE-HOUR PUBLICATION NO. 1279, obtainable from the United States Department of Labor, Wage and Hour Division, 324-5292.

         **IN TESTIMONY WHEREOF,** I have hereunto set my hand and affix the seal of this Court this

12th day of March , 20 10 by: _Deborah Downing_ Clerk

### Judgment Details
*****Includes costs, interest accrued to date from February 25, 2010

|  |  |
|---|---|
| Judgment Date: | January 20, 2009 |
| (Includes: Awarded Atty Fees, Pre-Judg Interest & Princ.) Judgment Amount:: | $2,962.83 |
| Accrued Cost pre and post judgment (Including Cost for | $115.54 |
| Amount of Accrued Post Judgment Interest: | $174.59 |
| Post Judgment Rate of Interest: | 6% |

*****Total Amount Due (Minus Payments and offsets)*: $2,547.96





## NOTICE TO EMPLOYER GARNISHEE

Failure to answer this Writ within 20 DAYS or failure or refusal to answer any Interrogatories attached hereto shall result in the Court entering a Judgment against you and you becoming PERSONALLY LIABLE for the amount of the non-exempt wages owed the debtor-employee on the date you were served this writ as provided by Arkansas Code Annotated 16-110-407.

## NOTICE - EFFECTIVE JULY 27, 1995

*Under the provisions of ACT 276 of 1995, the service of this garnishment on you constitutes a lien on salaries, wages, or other compensation due the defendant at the time you are served with this writ of garnishment and further constitutes a lien on subsequent earnings until the total of the judgment and costs is paid or satisfied, or until the employment relationship is terminated, or the judgment is vacated or modified.*

The amount of wages available for withholding for this Judgment and cost is subject to certain prior claims. Under Arkansas law, income withholding for child support has a priority over all other legal processes. Under federal law, the total amount to be withheld cannot exceed the maximum amount allowed under 303 (b) .

## NOTICE TO NON-EMPLOYER GARNISHEE

Failure to answer this Writ within 20 DAYS or failure or refusal to answer any Interrogatories attached hereto shall result in the Court entering a Judgment against you and you becoming PERSONALLY LIABLE for the full amount specified in this Writ together with costs of this action as provided by Arkansas Code Annotated 16-110-407.

## NOTICE TO DEFENDANT(S)

The Writ of Garnishment delivered to you with this Notice means that wages, money or other property belonging to you has been garnished in order to pay a Court Judgment against you. HOWEVER, YOU MAY BE ABLE TO KEEP YOUR MONEY OR PROPERTY FROM BEING TAKEN, SO READ THIS NOTICE CAREFULLY.

State and Federal Laws say that certain money and property may not be taken to pay certain types of Court Judgments. Such money or property is said to be "exempt" from garnishment.

For example, under the Arkansas Constitution and State Law, you will be able to claim as exempt all or part of your wages or other personal property.
As another example, under Federal law the following are also exempt from garnishment: Social Security, SSI, Veteran's Benefits, AFDC (Welfare), Unemployment Compensation, Worker's Compensation.

You have a right to ask for a Court Hearing to claim these or other exemptions. Such request must be made in writing. If you need legal assistance to help you try to save your wages or property from being garnished, you should see a lawyer. If you can't afford a private lawyer, contact your local Bar Association or ask the Clerk's office about any legal services program in your area.

## CERTIFICATE

I certify that, in accordance with Ark. Code Ann. 16-110-402, a copy of this Writ of Garnishment, which contains a Notice to Defendant(s) will be mailed by first class mail to the judgment debtor(s) at the following residence address of the judgment debtor the same day as this Writ containing a Notice to Defendant is served on the garnishee, that if the letter is returned "undeliverable" by the post office, or the residence address of the judgment debtor is not discoverable after diligent search, a copy of this Writ containing a Notice to Defendant will be sent by first class mail to the judgment debtor(s) at his place of employment, and that if garnishments are filed on this debt more than twelve (12) months after the original garnishment, a Notice to Defendant will be mailed to the judgment debtor(s) annually.

**Defendant's Address:**
cc:     Shawn H Humes
        22 LAWRENCE ROAD 244
        POWHATAN AR 72476

RESPECTFULLY SUBMITTED,

HOSTO, BUCHAN, PRATER & LAWRENCE, P.L.L.C.
ATTORNEYS AT LAW
P.O., BOX 3397
LITTLE ROCK, ARKANSAS  72203
TELEPHONE (501) 374-1300

SUZANNE TIPTON, ABN 2005131